UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
Louisville DIVISION

FILED US
[stamp] WESTERN DISTRICT OF KY
12 OCT 23 PM 12:04

GIRISH J. KOTWAL
name of plaintiff(s)

v.

Dr. Hieu Tran
Dr. Maria Lou Coronel
Dr. Kimberley Doherty
name of defendant(s)

Civil Case No. 3:12-cv-695-H

## COMPLAINT

1. State the grounds for filing this case in Federal Court (include federal statutes and/or U.S. Constitutional provisions, if you know them):

   Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act. Additionally, Discrimination on basis of religion, gender and national origin.

2. Plaintiff, Girish J. Kotwal resides at 4664 Shenandoah Drive, Louisville
   street address / city
   Jefferson, KY, 40241, (502) 327 7466
   county / state / zip code / area code, phone number

   (if more than one plaintiff, provide the same information for each plaintiff below):

   There is only a single plaintiff who works overseas and will be available with prior advanced notice during certain times.

Please use the email address for sending communications. The email address is as follows GJKOTW01@gmail.com
                                          zero↑ ↑one

3. Defendant, **Dr. Hieu Tran** (SUCOP) ~~lives at~~ or its business is located at **2100 Gardiner Lane**, street address **Louisville**, city **Jefferson**, county **KY**, state **40205**, zip code.

(if more than one defendant, provide the same information for each defendant listed above):

Dr. Maria Lou Coronel [Same address as the above defendant] 2100 Gardiner Lane, Louisville, KY 40205.
Dr. Kimberley Doherty [Same address as above] SUCOP, 2100 Gardiner Lane, Louisville, KY 40205.

4. Statement of claim (State as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Be as specific as possible. You may use additional paper if necessary):

I am a 57 year old Indian male who was hired by Sullivan University College of Pharmacy West Campus on January 15, 2010, as a Professor Pharmaceutical Science. My immediate supervisor was Head of Pharmaceutical Science Dr. Lou Coronel.

From the beginning of employment, I experienced unfair treatment in many different areas. Around June 2010, Dr. Gopal Pillai was replaced as Chair of the Department by Dr. Maria (Lou) Coronel, a much younger East Asian female. Soon after replacing Dr. Pillai, Dr. Lou Coronel began misrepresenting me to the Dean, Dr. Hieu Tran, (East Asian male) and taking actions which created a hostile, intimidating and unfair working environment. She began to encourage and coerce my female colleague, Dr. Wasana Sumanaskera, to complain about me over very trivial matters. She would approve changes and then claim to the Dean that she had not cleared it. The Dean removed me as the Chair and Director of the Program Assessment Committee and assigned the role to Dr. Daugherty, who had reprimanded me by email for being honest and disregarding the indirect request of the Dean, which came via her. These adverse employment actions affected my professional development by causing an inability to pursue scholarly innovative research while employed at the College as was promised prior to employment. On January 7, 2011, only six months later (one week prior to my contract expiration) I was terminated from my employment by Dean Tran and Dr. Lou Coronel despite being highly qualified and having excellent teaching performance evaluations from both the students and the supervisor.

I believe I have been discriminated against due to my national origin, Indian, my religion, Hindu, my gender, male, in violation of Title VII of the Civil Rights Act of 1964, as amended; and because of my age 57, in violation of the Age Discrimination in Employment Act.

Detailed description of how each defendant is involved along with specifics of names of other persons involved, dates and places is included in additional 3 pages that follow.

Page 2.

| Plaintiff | Defendants |
|---|---|
| Girish J. Kotwal, Ph.D<br>Address 4664 Shenandoah Drive<br>Louisville, KY 40241<br>Telephone Number (502) 327 7466<br>Or  (869) 765 9967<br>Email GJKOTW01@gmail.com | Dr. Hieu Tran, Dean<br>Dr. Maria Lou Coronel, Assistant Dean, SUCOP<br>Dr. Kimberley Doherty, Assistant dean, SUCOP<br>Sullivan University College of Pharmacy<br>2100 Gardiner Lane<br>Louisville, KY 40205<br>502-456-6505<br>Number of Employees >500 |

Description of Discriminatory Events

During the period from October 5, 2009 to January 7, 2011, I was employed as a faculty member at the Sullivan University College of Pharmacy.  Initially, I began my employment as a visiting part-time professor based upon the immediate needs of the College for a qualified faculty to teach Biotechnology in a new professional program for pharmacists.  Based upon my positive teaching evaluations, I was subsequently offered a full time teaching appointment with teaching in additional areas of Microbiology and Immunology, Pharmacogenomics and Basic skills in Clinical Laboratory interpretation.  My full time status began on January 14, 2010 under a one year renewable contract term.

From the beginning, I experienced unfair treatment in many different areas.  Initially, it began with partial payment for teaching services delivered to the College as a visiting professor from the period of October 05, 2009 to December 2009.  During this period, I taught a full 2 credit course for which I was promised $5000/semester for the teaching portion and $21,000/year for collaboration on a state funded grant which I assisted in preparing.  At the end of the term, I received a partial payment of $2000 for the teaching portion and nothing for the research portion.  The rest of the balance was promised to be paid at a later date.  My immediate supervisor at the time, Dr. Gopal Pillai was aware of this unfair treatment and expressed his dissatisfaction with how I was treated.  Despite the unfair treatment, I accepted an offer to teach full time at the College hoping things would improve with a full time appointment.  I was provided a contract from January 15, 2010 to January 15, 2011, a title of Professor of Pharmaceutical Sciences, and was assigned to teach 4 courses, coordinating 2 of them, and to report to Dr. Gopal Pillai, the Chair of Pharmaceutical Sciences, a gentleman from India over the age of 65.

Around June 2010, Dr. Gopal Pillai was replaced as Chair of the Department by Dr. Maria (Lou) Coronel, a younger East Asian female with lower academic rank and much less academic leadership experience than three senior faculty over the age of 40 with Indian origin.  No explanation was provided either to the faculty in the department or to the outgoing Chair for the replacement.  Dr. Pillai was given the title of Director of Research but from that point on reported to Dr. Coronel for academic assignments.  The other qualified Indian faculty, Dr. Yashwant Patak, who was the Director of Research left the College for a Assistant Dean position

Page 3.

at the University of South Florida having served at the College since just after its founding. Dr. Yashwant Pathak expressed his unhappiness to another faculty of Israelly origin whose contract was also not renewed that "he was not allowed to breathe" by the administration.

Soon after replacing Dr. Pillai, Dr. Lou Coronel began misrepresenting me to the Dean, Dr. Hieu Tran, an East Asian male, and taking actions which created a hostile and unfair working environment. She began to encourage and coerce my female colleague, Dr. Wasana Sumanaskera, to complain about me over very trivial matters. She would approve changes and then claim to the Dean that she had not cleared it. The ultimate expression of her unfair treatment was when she pressured me to be dishonest when asked by the Assistant Dean for Academic Affairs, Dr. Kimberly Daugherty, to mark a student present who later withdrew from the College and who had been absent from my class prior to the submission of his withdrawal paperwork.

Having felt unfairly treated at being pressured to be dishonest, I learned there were federal Title IV implications for the school with respect to return of student loan funds and the date of the student's withdrawal. I held my ground with respect to maintaining honesty and that is when the unfair treatment began to escalate. The Dean removed me as the Chair and Director of the Program Assessment Committee and assigned the role to Dr. Daugherty, who had reprimanded me by email for being honest and disregarding the request of the Dean, which came via her. I was subsequently reprimanded by Dr. Coronel for using my gmail account to send bulky files like event photographs to my colleagues and responded to the official emails received on my gmail account. In the subsequent months, the Dean did not approve my orders for supplies or materials for my grants which had previously been awarded to me after a long review process as well as other delay tactics. Dr. Coronel blocked an attempt by me to support a student initiated educational trip to Iceland in concurrence with the Assistant Dean for Experiential Education, Dr. Walter Soja, by engaging Dean Tran against me.

These adverse employment actions affected my professional development by causing an inability to pursue scholarly innovative research activity while employed at the College as was promised prior to employment. The treatment was unfair and subject to double standards. For example, younger female faculty, Dr. Uyen Lee and Dr. Wasana Sumanaskera were allowed to spend approved research funds while I was not. A new, younger male faculty less than 40 years of age was approved to spend research funds for the purchase of equipment for a research grant awarded later than mine and after the deadline for submission. The Dean also bullied me for helping a student find a job whose research contract had expired at the College. He expressed that he "owned" the student and that I had no right to place him.

On January 7th, 2011, only six months later that the attendance conflict and one week prior to my contract expiration, I was terminated from my employment at the College by Dean Tran despite being highly qualified and having excellent teaching evaluations from both the students and the supervisor. No reasons were given for the decision, nor was I given any warning despite my contract requiring a 4 week notice and an end of contract review. I was asked to clear my office and leave the campus immediately and was restricted from participating in a "white coat" ceremony for the students for who I served as their academic advisor, the following day. The decision prevented my consideration by the student body for the "Teacher of the Year" award

because I was no longer with the College during the ceremony and were given the impression that I left without caring about them..

Subsequent to my departure, three faculty, Dr. Shawn Knopp, Dr. Michael Smith, and Dr. Neal Patel, informed me that Dr. Coronel mentioned privately that I had "stepped on the toes" of the administration and that they are not to socialize with me outside the University premises. All attempts on my part to renew my contract were rebuffed. Only with action in consultation with an attorney was I able to secure funds originally owed to me from my time as a part-time faculty.

I subsequently learned that over the prior 1-2 years since the opening of the College six faculty had either been terminated or had decided to leave the College on their own under circumstances similar to my own. Amongst them were one white female over the age of 50, Carolyn Hughes, 3 faculty of Indian origin (Ajoy Koomer, Raghunandan Yandapally, and Yashwant Pathak), one of which who over the age of 50, one faculty over 40 of Israeli origin, (Ori Heller), and a white male faculty over the age of 45. My replacement was a young, East Asian female and recent Ph.D. graduate, with no teaching experience who was not hired until needed by the College some 6 months following my termination. In addition, an experienced and qualified male faculty over the age of 40, Dr. Shawn Knopp, was terminated for no reason on September 16th, 2011.

I believe the unfair treatment I experienced while employed at Sullivan and the history of departures from the College constitutes evidence of age and gender discrimination as well as discrimination based on national origin due to consideration of my male gender, age of 56 years, and Indian descent. Also, I believe Dean Tran and Dr. Lou Coronel created a hostile working environment which culminated in a decision to terminate me in retaliation for my earlier conflicts with the administration over my unfair treatment. The termination process did not follow the terms stipulated in my contract nor did it follow established accreditation norms for institutional decision making with regard to retention of faculty or academic freedom. The non renewal of contract was discriminatory as it had no relation to job performance as judged by student evaluations and supervisor evaluations and Dean Tran and Dr. Coronel acted on their whims and did not adhere to any standard of fair, legal or ethical behavior.

5. Prayers for Relief (list what you want the Court to do):

a. Compensation for loss of income for a period of six months $50,000.

b. Premature dismissal prior to end of contract along with discriminatory nonrenewal of contract causing loss of dignity and pride, mental trauma etc. $100,000

c. Legal costs estimated at $10,000.

d. Deprivation of due recognition by students, prevention of Research and loss of IP development and damages related to Career advancement $200,000.

6. Request for a Jury Trial  ___yes___  ✓  ___no___

I (We) hereby certify under penalty that the above petition is true to the best of my (our) information, knowledge, and belief.

Signed this __Twenty Second__ day of __October__, 20__12__

22nd

__Kotwal__
(signature of plaintiff(s))

Page 6

# FedEx International Air Waybill
### Express

**1 From**

Date: _____

Sender's FedEx Account Number: 8697659967

Sender's Name: GERISH KOVIL  Phone: (602) 521-7466

Company: LIMHS

Address: _____

Address: CAMPS

City: Louisville  State/Province: —

Country: USA / ST. Kitts  ZIP/Postal Code: _____

**2 To**

Recipient's Name: COURT CLERK  Phone: (502) 625-3500

Company: US DISTRICT COURT

Address: 601 West Broadway Room 106

City: LOUISVILLE  State/Province: KY

Country: USA  ZIP/Postal Code: 40202

**3 Shipment Information**

Total Packages: 1

Total Weight: 0.5 lbs

Commodity Description: Documents

Country of Manufacture: KN

Value for Customs: NW

Total Value: MW

RT 682  1  B  2570  10.23

XH LOUA

40202 KY-US SDF