UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE


CIVIL ACTION NO. 3:12-CV-00695-H


DR. GIRISH J. KOTWAL                                                    PLAINTIFF

V.

DR. HIEU TRAN, DR. MARIA LOU
CORONEL, and DR. KIMBERLY DOHERTY                            DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Plaintiff, Dr. Girish J. Kotwal, proceeding pro se, brings this employment discrimination action against Defendants, Dr. Hieu Tran, Dr. Maria Lou Coronel and Dr. Kimberly Doherty (collectively "Defendants"), alleging that Defendants discriminated against him on the basis of his religion, national origin, and gender in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, ("Title IV") and on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, ("ADEA"). Two motions are pending before the Court: Defendants' motion to dismiss and Plaintiff's motion for default judgment. For the following reasons, the Court will sustain Defendants' motion and deny Plaintiff's motion.

I.

Plaintiff, a fifty-seven year old Indian male, worked for Sullivan University's College of Pharmacy ("Sullivan University") as a Professor in the Department of Pharmaceutical Sciences from January 15, 2010 to January 7, 2011, when he was notified that his one-year employment contract would not be renewed for the following year. According to Plaintiff, he experienced unfair treatment by Defendants due to his religion, national origin, gender and age, which in sum

fostered a hostile, intimidating and unfair working environment.  Numerous times during his employment, Plaintiff claims that Defendants took several adverse employment actions against him that evidence a pattern of discrimination.  He highlights instances wherein Sullivan University failed to renew the employment contracts of older, Indian, and male colleagues disproportionately when compared to younger, female counterparts.  Plaintiff asserts that Sullivan University terminated from his employment for discriminatory reasons despite being highly qualified and earning good teaching performance evaluations from his students and supervisor.

On January 4, 2012, Plaintiff filed a charge of discrimination against Sullivan University with the Equal Employment Opportunity Commission ("EEOC"), alleging that the university violated Title VII and the ADEA.  After an investigation into the matter, the EEOC dismissed Plaintiff's discrimination claims, because it did not find that the university violated either statute. Subsequent to the EEOC decision, Plaintiff filed the present action.

Defendants have moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The Court must view the allegations in the Complaint in the light most favorable to the Plaintiff, treating all well-pleaded facts as true, but need not accept

---

[1]  Defendants advance several grounds for dismissal, including Plaintiff's alleged failure to exhaust his administrative remedies and insufficient service of process.  The Court need not address these alternative theories of dismissal as Defendants' primary argument concerning individual liability under Title VII and the ADEA warrants dismissal of this action.

bare legal conclusions as definitive.  *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478,

488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)).

## II.

Defendants principally argue that Plaintiff's claims must be dismissed because Title VII

and the ADEA afford no individual liability.[2]   As a threshold matter, "an individual

employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held

personally liable under Title VII."  *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997);

*Morris v. Oldham Cnty. Fiscal Court*, 201 F.3d 784, 788 n.1 (6th Cir. 2000).  An "employer" is

defined as "a person engaged in an industry affecting commerce who has fifteen or more

employees . . . and any agent of such person."  42 U.S.C. § 2000e(b).  "Agent" is not explicitly

defined in Title VII, but courts have interpreted the term to denote "an individual who serves in a

supervisory position and exercises significant control over the plaintiff's hiring, firing or

conditions of employment."  *Wathen*, 115 F.3d at 405.

Plaintiff does not argue that Defendants were his "employer" per se.  Rather, he argues

that Defendants are agents of his employer, Sullivan University.  As such, Plaintiff maintains

that the use of the word "agent" in the statute permits him to sue Defendants in their individual

capacities as agents of Sullivan University, Plaintiff's employer.  The Sixth Circuit recognizes

that "[a]n examination of the statutory scheme and remedial provisions of Title VII, convinces us

that Congress did not intend to provide individual employee/supervisor liability under Title VII."

*Id*. at 405.  Congress included of the term "agent" to "incorporate respondeat superior liability

into the statute."  *Id*. (quoting *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587 (9th Cir.

---

[2]  Generally, courts evaluate claims of individual liability under Title VII and the ADEA jointly given the nearly identical language in the statutes.  *See Wathen*, 115 F.3d at 404 n.6 ("The liability schemes under Title VII [and] the ADEA . . . are essentially the same in aspects relevant to this issue; they limit liability to the employer and use the term "agent" in defining employer.") (citing 42 U.S.C. §§ 2000e-5(b), 2000e(b), 29 U.S.C. §§ 626(b), 630(b)).

1993)).  This decision "surely evinces an intent [on behalf of Congress] to place some limits on the acts of employees for which employers under Title VII are to be held responsible."  *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 72 (1986).  However, that Congressional intent defines the extent of employer liability under Title VII and does not speak to individual liability on the part of the agent.  *See Wathen*, 115 F.3d at 406 ("Notably, while the Supreme Court found that Congress's purpose in including 'agent' in the definition of employer was to define the scope of liability of the employer, it said nothing about liability on the part of the employee/agent.").

In sum, the Sixth Circuit recognizes that individuals "cannot be held personally liable for violations of Title VII."  *Griffin v. Finkbeiner*, 689 F.3d 584, 600 (6th Cir. 2012).  The Court in *Griffin* highlighted that, in some instances, "individual managers and supervisors can be held jointly or severally liable with their employer for their own violations of" *state* anti-discriminatory laws.  The same cannot be said for federal law.  Plaintiff's two-count Complaint only asserts violations of federal law, and as such, Defendants cannot be held personally liable for alleged discrimination under Title VII and the ADEA.

Since the Court will sustain Defendants' motion to dismiss, Plaintiff's motion for default judgment is therefore moot and will be denied.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for default judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss is SUSTAINED and Plaintiff's Complaint is dismissed WITH PREJUDICE.

This is a final order.

cc:     Counsel of Record