UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-00695-H

DR. GIRISH J. KOTWAL                                                                  PLAINTIFF

V.

DR. HIEU TRAN, DR. MARIA LOU CORONEL,
and DR. KIMBERLY DOHERTY                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On June 5, 2013, this Court dismissed the two count complaint of Plaintiff, Dr. Girish J. Kotwal, against Defendants, Drs. Hieu Tran, Maria Lou Coronel, and Kimberly Doherty. Plaintiff, a former professor at Sullivan University's College of Pharmacy, brought the action against Defendants, who are various personnel in the College of Pharmacy, alleging that they discriminated against him on the basis of his religion, national origin, gender and age. The Court ruled that Plaintiff's action could not be maintained against the individual Defendants because individuals cannot be held personally liable for alleged violations of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Now Plaintiff has filed a "motion for reversal of dismissal based on a proposed amendment from current defendants to the defendant's institution." ECF No. 18.

I.

The Federal Rules of Civil Procedure direct that federal courts "should freely give leave [to amend a complaint] when justice so requires." FED. R. CIV. P. 15(a). However, this liberal standard is altered when the plaintiff seeks to amend his complaint after the court has dismissed the action. *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "[W]hile Rule 15 plainly

1

embodies a liberal amendment policy, in the post-judgment context, [courts] must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Id*. (internal quotation omitted).

The Sixth Circuit has outlined the procedural steps a party must take to obtain post-judgment relief of this nature:

> Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate judgment pursuant to either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. [Generally, a plaintiff will move] to alter judgment in the district court pursuant to Rule 59(e), and on appeal, ask this court to vacate judgment pursuant to Rule 60(b).

*Id.* at 799. In sum, a claimant wishing to reopen his case must meet the requirements of Rule 59 or 60 "[i]nstead of meeting only the modest requirements of Rule 15." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Servs.*, 616 F.3d 612, 616 (6th Cir. 2010). Additionally, the Court must be "mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Morse*, 290 F.3d at 800.

Plaintiff's motion, stylized as a "motion for reversal of dismissal based on a proposed amendment from current defendants to the defendant's institution," ECF No. 18, seeks to reopen the action so he may amend his complaint to substitute defendants. However, Plaintiff does not cite to any Federal Rule of Civil Procedure as an avenue to do so, let alone argue that he has met any associated requirements. Notwithstanding, the Court appreciates that Plaintiff is proceeding pro se, and will evaluate his motion as a Rule 59(e) motion. *See Hodges v. Tenn. Dep't of Corr.*, 238 F.3d 421, *1 (6th Cir. 2000) (construing a pro se motion "based on the well-settled precept that the petitions of pro se litigants are held to an especially liberal standard") (internal quotation omitted).

II.

Under Rule 59(e), motions to alter or amend are generally granted for four principal reasons: (1) if there is a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Such motions are extraordinary and sparingly granted." *Marshall v. Johnson*, 2007 WL 1175046, *2 (W.D. Ky. Apr. 19, 2007). Here, Plaintiff argues that the case has not been tried on the merits, and therefore he should be permitted to amend his complaint to substitute Sullivan University for the individual Defendants.[1] He seems to argue that he should be granted relief in order to prevent manifest injustice. "[A] showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Hazelrigg v. Ky.*, 2013 WL 3568305, *1 (E.D. Ky. July 11, 2013) (quoting *McDaniel v. Am. Gen. Fin. Servs., Inc.*, 2007 WL 2084277, *2) (W.D. Tenn. July 17, 2007)).

Plaintiff fails to argue that the Court's June decision is fundamentally flawed so as to warrant relief under Rule 59(e). Indeed, it was his oversight not to name Sullivan University in his complaint or request to add Sullivan University as a party before this Court entered judgment against him. The Court appreciates that Plaintiff is unfamiliar with the court system and the procedural implications of court filings. However, before Plaintiff filed the instant action, he pursued a charge of discrimination against Sullivan University with the Equal Employment Opportunity Commission. ECF No. 4-2. The EEOC action, which was ultimately dismissed,

---

[1] The Court dismissed his complaint because he improperly sought to impose individual liability under Title VI and the ADEA. Ostensibly, Plaintiff learned after that ruling that he should have proceeded against Sullivan University, an entity that can be held liable under those Acts.

involved the same set of factual allegations as contained in Plaintiff's complaint. Evidently, then Plaintiff knew Sullivan University to be a possible party in the present case, but affirmatively chose not to add Sullivan University as a defendant. Plaintiff does not proffer any explanation why he did not pursue this action against Sullivan University. The situation does not strike the Court as one warranting Rule 59(e) relief, and as such, the Court will deny Plaintiff's motion.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion "for reversal of dismissal based on a proposed amendment from current defendants to the defendant's institution" is DENIED.

cc: Counsel of Record